IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**SAMUEL WORKMAN,**

        Plaintiff,

v.                                          **Civil Action No. 5:22-CV-172**
                                                    Judge Bailey

**TROOPER PHIL HUFF, CPL. BRANDON
SMITH, TROOPER CALEB HARPER,
CPL. GEORGE JONES, SGT.
HUDDLESTON TROOPER, ALL OF THE
WVA STATE POLICE, GOVERNOR JIM
JUSTICE,** and **DHHR WORKER CORISSA
FORTNEY,**

        Defendants.

## REPORT AND RECOMMENDATION

### I. Background

On July 11, 2022, the plaintiff, a state pre-trial detainee, filed a *pro se* Complaint against the above-named defendants pursuant to 42 U.S.C. § 1983. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. The Complaint

Plaintiff raises five claims in his Complaint. First, he alleges excessive force was used by defendants Trooper Phil Huff ("Huff"), Cpl. Brandon Smith ("Smith"), Trooper Caleb Harper ("Harper"), Cpl. George Jones ("Jones"), and Sgt. Huddleston Trooper ("Huddleston)" on February 2, 2021, while plaintiff was being interrogated. Specifically,

1

plaintiff alleges that while shackled and handcuffed, he was kneed, punched, and kicked in the face and body.  Second, in a claim he labels "conspiracy to commit harm" he alleges that the same defendants took pictures of plaintiff in an injured state and sent the pictures to plaintiff's son's mother, who then forwarded the pictures to plaintiff's sister.  He alleges that defendants did this to brag about the injuries they inflicted.  Third, plaintiff alleges defendants Huddleston and Smith violated his constitutional rights by illegally searching plaintiff's person, residence, and phone without a search warrant.  Fourth, defendant alleges slander/defamation of character against defendant Governor Jim Justice ("Justice").  He alleges that the Governor made a statement to reporters that "he was going to make a prime example out of [plaintiff] for child abuse" despite not knowing facts of the case.  Fifth, he alleges that defendant Fortney violated his constitutional rights by depriving him of his parental rights; he alleges that defendant DHHR Worker Corissa Fortney ("Fortney") conducted a court hearing without notifying him and placed his son in the custody of his mother.  For relief, plaintiff seeks ten million dollars from each defendant in relation to the use of excessive force, ten million dollars from each defendant for public humiliation, and ten million dollars for the unlawful termination of his parental rights.

### III. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon

which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. **Neitzke v. Williams**, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. **Haines v. Kerner**, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. *See* **Neitzke** at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." **Denton v. Hernandez**, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. *See* **Estelle v. Gamble**, 429 U.S. 97, 106 (1976).

## IV. Discussion

Based on a preliminary review of the Complaint, the undersigned finds that summary dismissal of plaintiff's claims against defendants Huff, Smith, Harper, Jones, and Huddleston is not appropriate at this time and that the defendants should be directed to answer. However, an initial review shows that the remaining defendants should be dismissed.

First, plaintiff's defamation claim against Governor Justice should be dismissed because it does not establish a constitutional violation. "Reputation alone does implicate any 'liberty' or 'property' interests sufficient to invoke the procedural protection of the due process clause or defamation/slander by a state official in a section 1983 action. **Paul v. Davis, III**, 96 S.Ct. 1155 (1976)." **Taccino v. Morrisey**, No. 3:16-CV-164, 2017 WL

---

[1] *Id.* at 327.

1086216, at *8 (N.D. W.Va. Feb. 8, 2017) (Trumble, M.J.), *report and recommendation adopted*, No. 3:16-CV-164, 2017 WL 1074285 (N.D. W.Va. Mar. 21, 2017) (Groh, J.), *aff'd*, 698 F. App'x 97 (4th Cir. 2017). "[T]o establish a claim under [§] 1983 and the Fourteenth Amendment more must be involved than simply defamation by a state official." **Paul v. Davis**, 424 U.S. 693, 693 (1976). To the extent plaintiff attempts to assert defamation as a state-law claim, there is no diversity of jurisdiction, and the claim does not arise out of the same case or controversy as the other claims, so this Court is without jurisdiction to consider the claim.

Second, defendant lists "All of WVA State Police" as a defendant. To the extent that plaintiff intends to name the West Virginia State Police as an agency, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." **Will v. Michigan Dep't of State Police**, 491 U.S. 58, 71 (1989). To the extent plaintiff instead intends "all of the WVA State Police" as a blanket allegation to include each individual employed by that agency not specifically named in his complaint, he has not made any specific allegations against other officers which would support a claim. Either way, this defendant should be dismissed.

Finally, plaintiff's claim against defendant Fortney, for conducting a custody hearing without notifying him, should be dismissed. The **Rooker-Feldman** doctrine "generally bars district courts from sitting in direct review of state court decisions." **Davani v. Virginia Dep't of Transp.**, 434 F.3d 712, 717 (4th Cir. 2006). The doctrine "applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Id.* at 713. This Court has applied the doctrine in cases where a § 1983 plaintiff seeks to challenge a state court

4

child custody determination. See *Hannah v. Jones et al*, Civ. A. No. 5:22-CV-207 (N.D. W.Va. 2022) (Bailey, J.); *Natusch v. Nibert*, No. 1:16-CV-81, 2016 WL 11268526, at *2 (N.D. W.Va. Sept. 22, 2016) (Seibert, M.J.), *report and recommendation adopted*, Civ. A. No. 1:16-CV-81, 2017 WL 1155375 (N.D. W.Va. Mar. 28, 2017) (Keeley, J.). As here, the plaintiff in **Natusch** alleged his constitutional rights were violated because he was not notified of the state court hearing; the court rejected that argument: "it is well established that a 'federal plaintiff cannot escape the **Rooker–Feldman** bar by simply relying on a legal theory not raised in state court.' **Hoblock v. Albany County Bd. Of Elections**, 422 F.3d 77, 87 (2nd Cir. 2005)." **Natusch** at *2. Accordingly, the undersigned finds that this claim should be dismissed.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that:

1. the plaintiff's claims against All of the WVA State Police, Governor Jim Justice, and DHHR Worker Corissa Fortney be **DISMISSED** with prejudice; and

2. the plaintiff's claims against Trooper Phil Huff, Cpl. Brandon Smith, Trooper Caleb Harper, Cpl. George Jones, and Sgt. Huddleston Trooper proceed and that those defendants be served with a copy of the summons and complaint through the United States Marshal Service.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten

(10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** September 21, 2022.

/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE